UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
EDWARD TAVAREZ,

                Petitioner,

                                                    **MEMORANDUM & ORDER**

   -against-

                                                    17 CV 1318 (RJD)

SUPERINTENDENT H. GRAHAM,

                Respondent.
-------------------------------------------------------x
DEARIE, District Judge.

      Petitioner Edward Tavarez was convicted in 2013 after a jury trial in Queens Supreme Court of second-degree burglary, fourth-degree criminal mischief, and possession of burglar's tools, and sentenced to 12 years, as a result of an incident on December 19, 2011 involving the illegal entry of three individuals into a Queens apartment.

      According to the trial evidence, at approximately 3:00 a.m. police arrived at the building in response to a 911 call about a crime in progress. One officer, pointing his flashlight at the building, observed a man dressed in black, wearing a ski mask and holding an object in his hand jump from the window of a second-story apartment and flee. Another officer soon apprehended Tavarez, with a broken ankle, in an alley behind the building. Tavarez was found to be in possession of ten zip ties, a police scanner, two cell-phones, headphones, batteries, black gloves, latex gloves, and a photograph of the front of the targeted apartment building. Inside the burglarized unit, the rooms were ransacked, with drawers open, clothes strewn, and broken glass on the balcony, but nothing was taken. Surveillance video also captured Tavarez's jump from the window.

Following the unanimous affirmance of his conviction and sentence by The Appellate Division, People v. Tavarez, 135 A.D.3d 973 (2d Dep't 2016), and denial of leave to appeal to the New York Court of Appeals, People v. Tavarez, 27 N.Y.3d 1140 (2016), Tavarez petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In the petition, he claims that (i) certain allegedly improper remarks of the prosecutor during summation deprived him of a fair trial; (ii) the evidence was insufficient to convict him for possession of burglar's tools; and (iii) trial counsel was ineffective in not objecting to the alleged prosecutorial misconduct and not challenging the burglary count on sufficiency grounds.

For the reasons set forth below, the application is denied and the petition is dismissed.

### **DISCUSSION**[1]

I.  **General Habeas Standards**

Federal habeas relief is authorized "only on the ground that [an individual] is in custody in violation of the Constitution or laws or treaties of the United States." 28 USC § 2254(a). The habeas statute further provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determine by the Supreme Court of the United States.

28 U.S.C. § 2254(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

> A state court adjudication is "contrary to" Supreme Court precedent if it contradicts the governing Supreme Court law or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. An unreasonable application of federal law occurs when a state court identifies the

---

[1] Additional facts are set forth in the context of the habeas claim to which they relate.

> correct governing legal principle but unreasonably applies it to the facts of a petitioner's case.

Krivoi v. Chappius, 2022 WL 17481816, 1 (2d Cir. Dec. 7, 2022) (summarizing Supreme Court precedent) (cleaned up). "Clearly established federal law" refers only to the holdings of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 412 (2000); see also Rodriguez v. Miller, 537 F.3d 102, 106 (2d Cir. 2008) ("No principle of constitutional law grounded solely in the holdings of the various courts of appeals or even in the dicta of the Supreme Court can provide the basis for habeas relief") (citing Carey v. Musladin, 549 U.S. 70 (2006)).

As the Supreme Court has consistently emphasized, "the most important point is that an *unreasonable* application of federal law is different from an *incorrect* application of federal law." Williams, 529 U.S. at 410 (emphases in original); Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting same language from Williams). As a result, habeas relief is available only when the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." Richter, 562 U.S. at 103. This is a "highly deferential standard," requiring that state courts "be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773 (2010) (cleaned up). Additionally, "[t]he more general the Supreme Court rule, the more leeway state courts have in reaching outcomes in case-by-case determinations." Richter, 562 U.S. at 101 (cleaned up).

## II.    Analysis

### A.    Prosecutorial Misconduct

Tavarez claims that the prosecutor deprived him of a fair trial when, in summation, (i) she repeatedly declared that he was "guilty" and that the evidence was "overwhelming" and "not in dispute," see, e.g., Trial Transcript ("TT") at 396-97, 409-410; (ii) she ridiculed the defense theory as a "crazy slapstick comedy," e.g., TT at 403-4; and (iii) denigrated Tavarez's right to

3

trial by stating that he had "put himself" in the defense chair. TT at 409. Tavarez fully presented this claim on direct appeal, ECF 6-1 at 15, and the Appellate Division rejected it as unpreserved. Tavarez, 135 A.D.3d at 973. The claim is therefore barred from review here by the independent and adequate state law doctrine. See generally Lee v. Kemna, 534 U.S. 362, 375 (2002) ("This Court will not take up a question of federal law presented in a case if the decision of the state court rests on a state law ground that is independent of the federal question and adequate to support the judgment") (cleaned up). A state procedural bar "is adequate if it is firmly established and regularly followed by the state in question in the specific circumstances presented." Murden v. Artuz, 497 F.3d 178, 191 (2d Cir. 2007) (cleaned up), cert. denied, 552 U.S. 1150 (2008). The requirement that an issue be preserved by contemporaneous objection as required by NY CPL § 470.05(2) is a firmly established and regularly followed rule for these purposes. Richardson v. Greene, 497 F. 3d 212, 217-18 (2d Cir. 2007).

The federal habeas court, of course, remains the final arbiter of the applicability of a procedural bar. Lee, 534 U.S. at 375. This Court's review of the trial transcript confirms that counsel did not object to the portions of the summation challenged here. The procedural bar therefore applies in full.[2]

In any event, the prosecutorial claim fails on the merits. The Appellate Division rejected the claim in an alternative holding, concluding that,

> [i]n any event, most of the prosecutor's remarks, viewed in context, constituted fair comment on the evidence and the inferences to be drawn therefrom. Contrary to the defendant's contention, the challenged remarks did not improperly vouch for the strength of the People's case or denigrate the defense or the defendant's exercise of his right to a jury trial. To the extent that

---

[2] Tavarez's separate claim that counsel was ineffective for failing to object does not lift the bar. See discussion infra at II.C.

4

>any of the prosecution's remarks were improper, they were not so flagrant or pervasive as to deprive the defendant of a fair trial.

Tavarez, 135 A.D.3d at 973.[3]

The sole question is whether this decision reflects an unreasonable application of Supreme Court law within the meaning of AEDPA. Under Supreme Court law, "undesirable or even universally condemned" prosecutorial summation arguments do not necessarily deprive a defendant of his constitutional rights. Darden v. Wainwright, 477 U.S. 168, 181 (1986). Instead, "[t]he relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process," id., a standard the state courts are afforded wide latitude in applying. See, e.g., Yarborough v. Alvarado, 541 U.S. 652, 664 (2004) ("The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

The Appellate Division's rejection of Tavarez's prosecutorial misconduct claim is not an unreasonable application of Supreme Court law. As to the first branch of that claim, it was not unreasonable for the Appellate Division to conclude that the challenged statements asserting that Tavarez was guilty and the evidence overwhelming were for the most part within the bounds of appropriate prosecutorial courtroom rhetoric, a fair comment on the evidence, and not improper personal commentary or vouching. Indeed, it is the prosecutor's duty to argue a defendant's guilt.

---

[3] The bar imposed by the independent and adequate state law doctrine applies "even where," as here, "the state court has also ruled in the alternative on the merits of the federal claim." Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990); see also Harris v. Reed, 489 U.S. 255, 264 n. 10, (1989) ("a state court need not fear reaching the merits of a federal claim in an *alternative* holding") (emphasis in original).

As to the second branch of the claim, the prosecutor's characterization of the defense theory as slapstick comedy was reasonably responsive to the defense summation. In his closing, after conceding that "a lot of the evidence . . . made [Tavarez] look bad," defense counsel argued that Tavarez's presence in the alley, his all-black attire, his broken ankle, and his possession of burglar paraphernalia were all mere coincidence. ECF 6-4 at 63-78. The prosecutor played fairly by exposing the coincidence theory for what is was—preposterous.[4]

Third, the Appellate Division did not unreasonably apply Supreme Court law when concluding that the prosecutor's statement that Tavarez had "put himself" in the defense chair was not a denigration of his election to go to trial. The full context of the remark is as follows:

> Now, if while you're back in the jury room deliberating you feel some hesitancy about doing your duty as jurors, I just want to remind you, you didn't put the defendant in that chair, I didn't put the defendant in that chair, the police didn't put him there, he put himself there, through his own conscious choices and actions that night. He's the one that chose to ransack [the victim's] apartment, he's the one that chose to run from the police with these zip ties up his sleeve, all his choice, and he's the one that has to live with the consequences of those choices.

TT at 409, ECF 6-4 at 98.

Although the use of the word "choice" in this context may have been less than ideal, it is clear that the prosecutor was addressing the subject of Tavarez's culpability and not the exercise of his constitutional right to go to trial.

Finally, given the strength of the case against Tavarez, even if any of the challenged remarks were inappropriate, they could not have had a "substantial and injurious effect or

---

[4] The relevant excerpt of the summation is as follows: "Now I'm sure you could probably think of some crazy slapstick comedy with Owen Wilson or something where something like that would happen, but ladies and gentlemen, this is not the movies, this is real life, despite his two story free fall, this is real life. There's no stunt men there, that's why he had a broken ankle." TT at 403-404

6

influence in determining the jury's verdict." <u>Brecht v. Abrahamson,</u> 507 U.S. 619, 638 (1993). Any potential error therefore was harmless. In sum, for all of these reasons, Tavarez's prosecutorial misconduct claim fails to state a basis for habeas relief.

      **B.     Legal Insufficiency**

In challenging his conviction for possession of burglar's tools on sufficiency grounds, Tavarez argues that none of the items he was carrying when apprehended in the alley behind the apartment building—zip ties, cell phones, police scanner, headphones, batteries, black gloves, and latex gloves—constitutes a "burglar's tool" as defined in P.L. §140.35. This claim fails to state a basis for federal habeas relief.

As a threshold matter, although Tavarez's claim addresses all the items he possessed at the time of his arrest, review of the trial court's charge on the burglar's tool count discloses that Tavarez's conviction rests only on the police scanner and zip ties. <u>See</u> TT at 445, ECF 6-4 at 134 (jury instructed that it must find that "the police scanner and/or zip ties is a tool" as defined by the statute).

Although Tavarez fully presented his sufficiency claim on direct appeal, ECF 6-1 at 24, the Appellate Division rejected it as unpreserved, <u>Tavarez</u>, 135 A.D.3d at 973, so the claim is barred from review here by the independent and adequate state law doctrine. <u>Lee</u>, 534 U.S. at 375. The record reveals that, at the close of trial, defense counsel moved for dismissal "based upon the People's failure to make out a prima facie case," ECF 6-4 at 57, but, without addressing burglar's tools, counsel confined his argument to the theory that there was "no direct evidence" that Tavarez was "in or near" the crime scene. <u>Id.</u> at 58. New York preservation law requires that naming of the specific error alleged. C.PL. § 470.05(2); <u>People v. Hawkins</u>, 11 N.Y.3d 484, 492 (2008). Thus, there is no basis for

7

disturb the Appellate Division's ruling that the issue was unpreserved or to limit the application of the procedural bar.[5]

In any event, even if the sufficiency claim were reviewable here, it would fail on the merits. The Appellate Division held in the alternative that, "view[ed]. . . in the light most favorable to the prosecution," the evidence "was legally sufficient to establish the defendant's guilt" of possession of burglar's tools. Tavarez, 135 A.D.3d at 973. The sole question, therefore, would be whether his decision reflects an unreasonable application of the controlling Supreme Court holdings. The answer is no.

The controlling Supreme Court holding is in Jackson v. Virginia, 443 U.S. 307 (1979). Under Jackson, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 318. See also Coleman v. Johnson, 566 U.S. 650, 651 (2012) ("A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury."). The standard is applied with explicit reference to the elements of the crime as defined by state law. Jackson, 443 U.S. at 324 n. 16.

New York law defines the offense of possession of burglar's tools as follows:

> A person is guilty of possession of burglar's tools when he possesses any tool, instrument, or other article adapted, designed or commonly used for committing or facilitating offenses involving forcible entry into premises, or offenses involving larceny by a physical taking, or offenses involving a theft of services . . . under circumstances evincing an intent to use or knowledge that some person intends to use the same in the commission of an offense under such character. P.L. § 140.35

---

[5] Tavarez's separate claim that counsel was ineffective for failing to preserve the sufficiency claim does not lift the bar. See discussion infra at II C.

There can be no serious debate that a police scanner and zip ties are common burglar paraphernalia.  Tavarez argues, however, that whatever his purpose in carrying them on the night of the crime, they are not burglar's tools within the meaning of Section 140.35 because neither the scanner nor the zip ties could be used to "force entry into" a window or door.  ECF 6-1 at 24-28.  But the statute contains no such requirement.  Rather, the statute provides that, to qualify as a burglar tool, an article need only be "adapted" or "commonly used" to commit or facilitate an offense that involves entry; it need not, as Tavarez argues, be used to commit the entry.  New York cases have recognized that a scanner qualifies as a burglar tool.  See, e.g., People v. Maietta, 173 A.D.2d 17, 18 (1st Dep't 1991); People v. Garcia, 170 Misc.2d 543, 550 (Westchester Co. 1996).  It was, therefore, clearly not unreasonable for the Appellate Division to conclude that a rational jury could reasonably conclude that the police scanner in Tavarez's possession satisfied the statutory definition.  Because the scanner and zip ties were charged in the alternative, this determination suffices to dispose of Tavarez's sufficiency claim here.

In any event, although no New York case has squarely addressed whether zip ties also qualify as burglar's tools under Section 140.35, this Court concludes that it was not unreasonable for the Appellate Division to conclude that a rational jury could reasonably conclude that they do.  There was police testimony at Tavarez's trial that the regular function of zip ties is to restrain a person; the ties are often used by members of the NYPD when handcuffs were unavailable.  TT 308, 312-13.  And New York courts have recognized that items that similarly function as a restraint, such as knotted ropes and wire, do qualify as burglar's tools.  See, e.g., People v. Acevedo, 88 A.D.2d 813, 814 (1st Dep't 1982) (observing that "any experienced police officer would recognize" knotted rope "as a potential burglar's tool"); People v. Aviles, 99 A.D.2d 1025 (1st Dep't 1984) (wires).

9

In sum, Tavarez's sufficiency challenge to his conviction for possession of burglar's tools fails to state a basis for habeas relief.

### C. Ineffective Assistance of Counsel

Tavarez claims that trial counsel was ineffective for failing to object to the portions of the prosecutor's summation challenged here and for not raising the sufficiency challenge to the burglar's tools count. Construed liberally, the pro se petition offers the ineffectiveness claim both as an independent basis for habeas relief and for the purpose of lifting the procedural bar on his misconduct and sufficiency claims. See generally Murray v. Carrier, 477 U.S. 478, 498 (1986). For either purpose, the ineffectiveness claim must first be exhausted in state courts like any other federal constitutional claim. Id. at 488-91. Tavarez did plainly, albeit tersely, raise in his appellate brief his claim that counsel was ineffective for having failed to object to the summation or to seek to dismiss the burglar's tools count on sufficiency grounds. ECF 6-1 at 20-21, 27. Assuming without deciding that the ineffectiveness claim is based solely on the record and was properly raised in this fashion rather than in a proceeding under N.Y. C.P.L. § 440.10, it is not clear that the Appellate Division decided the claim. Its decision addresses only the prosecutorial misconduct and sufficiency claims but does not mention ineffectiveness or include language disposing of "other claims."

This Court need not assess further the procedural status of Tavarez's ineffectiveness claim because even if properly advanced here, and regardless of the review standard (de novo or AEDPA deference), the claim is plainly without merit. The Appellate Division found the prosecutorial misconduct and sufficiency claims to be meritless and this Court found in neither claim a basis for habeas relief. A fortiori, counsel did not deprive Tavarez of his constitutional right to effective representation: the failure to preserve a meritless claim is not unreasonable

10

professional conduct and, necessarily, causes no prejudice. See generally Strickland v. Washington, 466 U.S. 668 (1984) (to establish ineffectiveness a petitioner must show that counsel's representation fell below an objective standard of reasonableness and that any such deficiency caused him prejudice); Aparacio v. Artuz, 269 F.3d 78, 99 (2d Cir. 2001) (finding that the failure to raise a meritless claim "does not fall outside the wide range of professionally competent assistance to which a defendant is entitled") (cleaned up).

## CONCLUSION

For all the foregoing reasons, the application of Petitioner Edward Tavarez for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied. No certificate of appealability will issue because the Court further concludes that Tavarez has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

SO ORDERED.

Dated: Brooklyn, New York
May 24, 2023

                                                                                                 /s/
                                                             RAYMOND J. DEARIE
                                                             United States District Judge